IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHELSIE NITSCHKE AND CYNTHIA GEORGE, | § § § |
| Plaintiff, | § Civil Action No. 3:24-cv-00218 § § |
| v. | § **JURY DEMANDED** § |
| BLUE HILLS HOLDINGS, LLC; BNA INVESTMENTS, GP; BACAR CONSTRUCTORS, INC.; AND 906 STUDIO, PLLC, | § § § § § |
| Defendants. | |

## DEFENDANT BACAR CONSTRUCTORS, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Defendant BACAR Constructors, Inc. ("Defendant"), by its undersigned counsel, and answers Plaintiffs Chelsie Nitschke's and Cynthia George's Original Complaint as follows:

### RESPONSES

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 1 of the complaint.

2. Denied.

3. Denied.

4. Denied.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 5 of the complaint. To the extent the allegations of Paragraph 5 call for a legal conclusion, no response is required.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 6 of the complaint.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 7 of the complaint. To the extent the allegations of Paragraph 7 call for a legal conclusion, no response is required.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 8 of the complaint.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 9 of the complaint.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 10 of the complaint.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 11 of the complaint.

12. Denied.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 13 of the complaint.

14. To the extent the allegations of Paragraph 14 call for a legal conclusion, no response is required. All remaining allegations are denied.

15. To the extent the allegations of Paragraph 15 call for a legal conclusion, no response is required. All remaining allegations are denied.

16. To the extent the allegations of Paragraph 16 call for a legal conclusion, no response is required. All remaining allegations are denied.

17. To the extent the allegations of Paragraph 17 call for a legal conclusion, no response is required. All remaining allegations are denied.

18. Denied.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 19 of the complaint.

20. Admitted.

21. To the extent the allegations of Paragraph 21 call for a legal conclusion, no response is required. All remaining allegations are denied.

22. To the extent the allegations of Paragraph 22 call for a legal conclusion, no response is required. All remaining allegations are denied.

23. Denied.

24. Denied.

25. Denied.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 26 of the complaint.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. To the extent the allegations of Paragraph 36 call for a legal conclusion, no response is required. All remaining allegations are denied.

37. To the extent the allegations of Paragraph 37 call for a legal conclusion, no response is required. All remaining allegations are denied.

38. Defendant repeats and realleges as if fully set forth herein its responses to the allegations in preceding paragraphs of the complaint.

39. To the extent the allegations of Paragraph 39 call for a legal conclusion, no response is required. All remaining allegations are denied.

40. To the extent the allegations of Paragraph 40 call for a legal conclusion, no response is required. All remaining allegations are denied.

41. To the extent the allegations of Paragraph 41 call for a legal conclusion, no response is required. All remaining allegations are denied.

42. To the extent the allegations of Paragraph 42 call for a legal conclusion, no response is required. All remaining allegations are denied.

43. Denied.

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

The Plaintiff is not entitled to any legal, equitable, or other relief from this Defendant, and Plaintiff's action is barred as a matter of law to the extent it seeks any relief from this Defendant.

## THIRD AFFIRMATIVE DEFENSE

Defendant would affirmatively aver and allege that it owes no duty of care to Plaintiff, breached no duty of care, and acted in accordance with generally accepted industry standards.

## FOURTH AFFIRMATIVE DEFENSE

Defendant would affirmatively aver and allege that the damages are not the proximate result of any allege act or failure of this Defendant, and therefore, Plaintiff is not entitled to recover from this Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead or assert additional defenses and/or cross, counter, or third party claims should such be necessary and/or appropriate.

## SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its Answer to plead any defenses which might be revealed through discovery, or otherwise, during the litigation of this case.

## SEVENTH AFFIRMARTIVE DEFENSE

Plaintiff has not alleged that Plaintiff otherwise meets the qualifications to buy or rent the property, and no reasonable accommodation would render the Plaintiff qualified.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing by alleging a generalized grievance common to a large number of citizens. Plaintiff has not alleged that Plaintiff personally suffered some actual or threatened injury as a result of putatively illegal conduct.

WHEREFORE, having fully answered, Defendant denies the allegations contained in the Prayer for Relief, denies each and every allegation not previously addressed, denies that it in any way caused or contributed to Plaintiffs' alleged injuries or damages, denies that it is liable to Plaintiffs in any sum or sums, and prays that the Complaint be dismissed with costs and attorney's fees taxed to Plaintiffs.

Respectfully submitted,

/s/ Joseph A. Tisone
Gregory L. Cashion (BPR # 10697)
Joseph A. Tisone (BPR # 41169)
SMITH CASHION & ORR, PLC
231 Third Avenue, North
Nashville, Tennessee 37201
(615) 742-8554
gcashion@smithcashion.com
jtisone@smithcashion.com
*Attorneys for Defendant Bacar Constructors, Inc.*

# CERTIFICATE OF SERVICE

I do hereby certify that notice has been provided via the Court's electronic filing system to counsel of record including the following on this 20th day of March, 2024:

Eric G. Calhoun
Calhoun & Associates
1595 N. Central Expressway
Richardson, TX 75080
Telephone: (214) 766-8100
Facsimile: (214) 308-1947
eric@ecalhounlaw.com
egcla@ecalhounlaw.com
*Attorney for Plaintiffs*

M. Todd Sandahl
234 First Avenue South
Franklin, TN 37064
Telephone: (615) 794-3450
Facsimile: (615) 794-3510
tsandahl@mtslaw.com
*Attorney for Plaintiffs*

Blue Hills Holdings, LLC
c/o: registered agent
Corporation Service Company
2908 Poston Avenue
Nashville, Tennessee 37203
*Defendant*

BNA Investments, GP
c/o: registered agent
Nicholas H. Adler
45 Annandale
Nashville, Tennessee 37215
*Defendant*

906 Studio, PLLC
c/o: registered agent
Michael Alan Hathaway
906 Fair Street
Franklin, Tennessee 37064
*Defendant*

/s/ Joseph A. Tisone