IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHELSIE NITSCHKE AND CYNTHIA GEORGE, | § § § | |
| Plaintiffs, | § § | Case No. 3:24-cv-00218 |
| v. | § § | **JURY DEMANDED** |
| BLUE HILLS HOLDINGS, LLC; BNA INVESTMENTS, GP; BACAR CONSTRUCTORS, INC.; AND 906 STUDIO, PLLC, | § § § § § § | Judge William L. Campbell, Jr. Magistrate Judge Jeffery S. Frensley |
| Defendants. | § § | |

## PROPOSED INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § § 3613(a).

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFFS:

Plaintiff Chelsie Nitschke is a quadriplegic that uses a wheelchair. Plaintiff Cynthia George is a handicapped individual who uses assistive devices to ambulate ("Plaintiffs"). Plaintiffs bring this action against Defendants Blue Hills Holdings, LLC, BNA Investments, GP, Bacar Constructors, Inc., and 906 Studio, PLLC ("Defendants"), alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3619.

The FHA specifically requires that apartment complexes built for first occupancy after March 13, 1991, be designed and constructed with certain

minimum accessible features for people with disabilities. All common areas, public areas and ground floor units and units served by elevators are required to comply with the FHA accessibility requirements.

Plaintiffs bring this civil rights action against Defendants based on the Defendants' failure to design and/or construct apartments with accessible features for people with disabilities as required by the FHA. Defendants' apartment complex, the Radius at Donelson Apartments, 2301 Lebanon Pike, Nashville, Tennessee 37214 (the "Apartments"), which is a multi-family dwelling, has numerous barriers to access. Therefore, Plaintiffs seek a declaration that Defendants' apartment complex violates federal law and an injunction requiring Defendants to comply with the requirements of the FHA. Plaintiffs also seek damages as permitted by federal law.

2) DEFENDANT:

Defendants assert that their facility is compliant with all requirements of FHA and therefore have no liability to the Plaintiffs. Defendants rely on the affirmative defenses as asserted in their Answers filed in this action.

Defendant Bacar Constructors, Inc. ("Bacar") denies all claims and relief sought by Plaintiffs. Bacar denies that Plaintiffs have standing to assert claims against Bacar. Bacar asserts that every purported cause of action too vague and uncertain to provide a reasonable basis for granting relief, and Plaintiffs seek excessive damages that, if awarded, would result in unjust enrichment conferred upon Plaintiffs. Bacar asserts that at all times relevant to this lawsuit, Bacar conducted its practices in good faith and in accordance with all applicable

statutes, codes, laws, rules, regulations, industry best practices, standards of care, etc. and without malice or discriminatory intent.

Defendant 906 Studio, PLLC avers that its design is compliant with the FHA in all material respects and that its design is within the applicable standard of care. Defendant 906 Studio, PLLC denies that its design lacks appropriate accessible and usable features for people with disabilities as required by the FHA, denies that there are numerous barriers to access at the Property, and denies that it is liable for any of the alleged damages set forth in the Complaint.

Defendant Blue Hills Holdings, LLC denies all liability at this time. At this stage, without the benefit of discovery, Blue Hills Holdings has no way of knowing if Plaintiffs have standing, have suffered discrimination, or are otherwise entitled to the relief they seek. Blue Hills Holdings denies it discriminated against Plaintiffs, relies upon the affirmative defenses asserted in its pleadings, and demands strict proof of each and every element of Plaintiffs' suit against it.

Defendant BNA Investments, G.P. ("BNA") has reason to believe that Plaintiffs are "testers" of accessibility at newly constructed multi-family properties. Therefore, Plaintiffs' claims may be moot, or Plaintiffs may lack standing because they do not use assistive devices, have no intention to return to the property, and/or have not suffered a concrete and particularized injury. BNA denies that it acted with the intent to discriminate against Plaintiffs or similarly situated individuals and denies that it implemented any policies or practices with the intent to discriminate against Plaintiffs or similarly situated individuals.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

1. Do Plaintiffs have standing to pursue their claims?

2. Did Defendants participate in the design or construction of the Apartments?

3. Are there any features of the Apartments that fail to comply with FHA design and construction requirements?

4. If so, which features are noncompliant and what remediation is appropriate?

5. If any features are noncompliant, do any of Defendants' affirmative defenses apply such that Defendants are not liable to Plaintiffs?

6. What damages and injunctive relief should be awarded?

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before. **June 7, 2024**

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **December 13, 2024**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Frensley. Plaintiff's position is that to prevent spoliation of evidence, Defendants should not modify the FHA-covered aspects of the Property prior to an expert inspection. Accordingly, Plaintiff will be forced to seek a protective order.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or

before **August 15, 2024.**

H. DISCLOSURE OF EXPERTS: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 1, 2024**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before November 15, 2024. Plaintiff may serve a rebuttal report within Thirty (30)days after receipt of Defendants' report. Plaintiff's position is that, to complete an expert report, Plaintiff will need access to the public and common areas of the apartment complex as well as a representative sampling of two (2) of each unit type approximately sixty (60) days before the due date. Plaintiff has noticed an inspection for **June ___, 2024**. Also, a prompt inspection is important to ensure that no modifications to the Property have been or are made after Plaintiff's visit to the Property. Plaintiff expects to request the Court to enter an order preventing the spoliation of evidence of the condition of the Property prior to an inspection. Plaintiff's position is that Defendants have refuse to make the Property available for inspection until some unidentified future date after they confirm that Plaintiff is disabled and visited the Property. Plaintiff's position is that absent a prompt inspection, Plaintiff cannot meet the expert and various other deadlines. Accordingly, Plaintiff expects to file a motion to compel.

Defendants claim they do not refuse to make the Property available for inspection. However, Defendants merely wish to conduct fact discovery, including Plaintiffs' depositions, prior to expert discovery and expert inspections. Defendants are not required to rely on Plaintiffs' account of facts regarding Plaintiffs' alleged

disabilities and limitations, Plaintiffs' alleged visit to the Property, and Plaintiffs' alleged desire to reside at the Property. Defendants' position is that Plaintiffs lack, or may lack, standing to pursue their claims, and, as this is a threshold jurisdictional issue, wish to resolve this issue prior to the expenditure of time and money on an expert inspection. Plaintiffs will seek payment from Defendants for the expert inspection. It is prudent to determine whether the matter can be resolved prior to the parties incurring this expense. Plaintiffs' concerns regarding the spoliation of evidence and the need for expert inspections prior to modifications at the Property support Defendants' theory that Plaintiffs lack standing. If Plaintiff truly desires to reside at the Property and desires that the Property meet FHA standards, modifications to the Property, *i.e.*, the injunctive relief Plaintiffs claim to desire, would not be a negative factor. If Defendants fully remediate the Property prior to an expert inspection, Plaintiffs will have received the relief requested in the Complaint. To the extent Plaintiffs claim that a prompt inspection is necessary to meet the expert witness deadline, Defendants are willing to extend that deadline and any others.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **December 13, 2024.**

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before **November 7, 2024.**

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **January 16, 2025**. Responses to dispositive motions shall be filed within twenty one (21) days after the filing of the motion. Optional replies may be filed

within fourteen (14) days after the filing of the response. Briefs shall not exceed <u>25 pages</u>. A party must request leave of court to file a motion for partial summary judgment.

L.   ELECTRONIC DISCOVERY. The default standard contained in Administrative Order No. 167 applies to this case. The parties shall produce emails and other electronic information in reasonably usable form.

M.   ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 3-4 days. The parties request a trial in **August 2025**.

It is so **ORDERED**.

_____
JEFFERY S. FRENSLEY
UNITED STATES MAGISTRATE JUDGE

APPROVED FOR ENTRY:

<u>/s/ Eric G. Calhoun</u>
Eric G. Calhoun
Attorney for Plaintiffs Chelsie Nitschke and Cynthia George.

<u>/s/ Joseph A. Tisone</u>
Joseph A. Tisone
Attorney for Defendant Bacar Constructors, Inc.

<u>/s/ Luke H. Neder</u>
Luke H. Neder
Attorney for Defendant 906 Studio, PLLC.

<u>/s/ Brian F. Walthart</u>
Brian F. Walthart
Attorney for Defendant Blue Hills Holdings, LLC.

<u>/s/ Emmie Kinnard</u>
Emmie Kinnard
Attorney for Defendant BNA Investments, GP.

PROPOSED INITIAL CASE MANAGEMENT ORDER - page 7

Case 3:24-cv-00218   Document 25   Filed 05/31/24   Page 7 of 7 PageID #: 128