IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHELSIE NITSCHKE AND CYNTHIA GEORGE,<br>    Plaintiffs,<br><br>v.<br><br>BLUE HILLS HOLDINGS, LLC; BNA INVESTMENTS, GP; BACAR CONSTRUCTORS, INC.; AND 906 STUDIO, PLLC,<br>    Defendants. | Civil Action No. 3:24-cv-00218<br>Chief Judge Campbell / Frensley<br>Jury Demand |

## INITIAL CASE MANAGEMENT ORDER

A.    JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § § 3613(a).

B.    BRIEF THEORIES OF THE PARTIES:

PLAINTIFFS: Plaintiff Chelsie Nitschke is a quadriplegic that uses a wheelchair. Plaintiff Cynthia George is a handicapped individual who uses assistive devices to ambulate ("Plaintiffs"). Plaintiffs bring this action against Defendants Blue Hills Holdings, LLC, BNA Investments, GP, Bacar Constructors, Inc., and 906 Studio, PLLC ("Defendants"), alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3619.

The FHA specifically requires that apartment complexes built for first occupancy after March 13, 1991, be designed and constructed with certain

minimum accessible features for people with disabilities. All common areas, public areas and ground floor units and units served by elevators are required to comply with the FHA accessibility requirements.

1

Plaintiffs bring this civil rights action against Defendants based on the Defendants' failure to design and/or construct apartments with accessible features for people with disabilities as required by the FHA. Defendants' apartment complex, the Radius at Donelson Apartments, 2301 Lebanon Pike, Nashville, Tennessee 37214 (the "Apartments"), which is a multi-family dwelling, has numerous barriers to access. Therefore, Plaintiffs seek a declaration that Defendants' apartment complex violates federal law and an injunction requiring Defendants to comply with the requirements of the FHA. Plaintiffs also seek damages as permitted by federal law.

DEFENDANT: Defendants assert that their facility is compliant with all requirements of FHA and therefore have no liability to the Plaintiffs. Defendants rely on the affirmative defenses as asserted in their Answers filed in this action.

Defendant Bacar Constructors, Inc. ("Bacar") denies all claims and relief sought by Plaintiffs. Bacar denies that Plaintiffs have standing to assert claims against Bacar. Bacar asserts that every purported cause of action too vague and uncertain to provide a reasonable basis for granting relief, and Plaintiffs seek excessive damages that, if awarded, would result in unjust enrichment conferred upon Plaintiffs. Bacar asserts that at all times relevant to this lawsuit, Bacar conducted its practices in good faith and in accordance with all applicable statutes, codes, laws, rules, regulations, industry best practices, standards of care, etc. and without malice or discriminatory intent.

Defendant 906 Studio, PLLC avers that its design is compliant with the FHA in all material respects and that its design is within the applicable standard of care. Defendant 906 Studio, PLLC denies that its design lacks appropriate accessible and usable features for people with disabilities as required by the FHA, denies that there are numerous barriers to access at the Property, and denies that it is liable for any of the alleged damages set forth in the Complaint.

Defendant Blue Hills Holdings, LLC denies all liability at this time. At this stage, without the benefit of discovery, Blue Hills Holdings has no way of knowing if Plaintiffs have standing, have suffered discrimination, or are otherwise entitled to the relief they seek. Blue Hills Holdings denies it discriminated against Plaintiffs, relies upon the affirmative defenses asserted in its pleadings, and demands strict proof of each and every element of Plaintiffs' suit against it.

Defendant BNA Investments, G.P. ("BNA") has reason to believe that Plaintiffs are "testers" of accessibility at newly constructed multi-family properties. Therefore, Plaintiffs' claims may be moot, or Plaintiffs may lack standing because they do not use assistive devices, have no intention to return to the property, and/or have not suffered a concrete and particularized injury. BNA denies that it acted with the intent to discriminate against Plaintiffs or similarly situated individuals and denies that it implemented any policies or practices with the intent to discriminate against Plaintiffs or similarly situated individuals.

    C.    ISSUES RESOLVED: Jurisdiction and venue.

    D.    ISSUES STILL IN DISPUTE: Liability and damages.

    1.    Do Plaintiffs have standing to pursue their claims?

    2.    Did Defendants participate in the design or construction of the Apartments?

    3.    Are there any features of the Apartments that fail to comply with FHA design and construction requirements?

    4.    If so, which features are noncompliant and what remediation is appropriate?

    5.    If any features are noncompliant, do any of Defendants' affirmative defenses apply such that Defendants are not liable to Plaintiffs?

    6.    What damages and injunctive relief should be awarded?

    E.    INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant

to FED. R. CIV. P. 26(a)(1) on or before. **June 7, 2024**

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **December 13, 2024**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Frensley. Plaintiff's position is that to prevent spoliation of evidence, Defendants have been requested to modify the FHA-covered aspects of the Property prior to an expert inspection. Defendants refused to do so. Accordingly, Plaintiff will be forced to seek a protective order.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an **in-person meeting** and made a **good faith effort** to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than **December 20, 2024**. In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the

timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **August 15, 2024.**

H. DISCLOSURE OF EXPERTS: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 1, 2024**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before November 15, 2024. Plaintiff may serve a rebuttal report within Thirty (30)days after receipt of Defendants' report.

I. TELEPHONE STATUS CONFERENCE. A status conference shall be held telephonically on **November 19, 2024, at 8:30 a.m.**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-877-336-1831 at the appointed time. and when prompted for the access code, enter 7039387# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

J. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **December 13, 2024**.

K. CASE RESOLUTION PLAN AND JOINT STATUS REPORT: The parties must make a **minimum of two independent, substantive** attempts to resolve this case. By no later than **October 1, 2024**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement. The parties must have conducted enough discovery or otherwise

exchanged enough information prior to this date to substantively evaluate and discuss settlement. By no later than **December 20, 2024**, the parties must file another joint status report, which either confirms their second substantive attempt at case resolution or updates the Court on the status of their intended second attempt. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional.

L. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **January 16, 2025**. Responses to dispositive motions shall be filed within twenty-eight (28) days after the filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed **25 pages**. A party must request leave of court to file a motion for partial summary judgment.

Before filing a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement

6

Case 3:24-cv-00218    Document 26    Filed 06/05/24    Page 6 of 7 PageID #: 134

of undisputed material facts."

M. ELECTRONIC DISCOVERY. The default standard contained in Administrative Order No. 174-1 applies to this case. The parties shall produce emails and other electronic information in reasonably usable form.

N. ESTIMATED TRIAL TIME: The parties expect the JURY trial to last approximately 3-4 days. The parties trial date of no earlier than **August 5, 2025,** is respectfully requested.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**