IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHELSIE NITSCHKE and CYNTHIA GEORGE, | § § § § | |
| Plaintiffs, | § § | Case No. 3:24-cv-00218 |
| v. | § § | **JURY DEMANDED** |
| BLUE HILLS HOLDINGS, LLC; BNA INVESTMENTS, GP; BACAR CONSTRUCTORS, INC.; and 906 STUDIOS, PLLC | § § § § § § | Judge William L. Campbell, Jr. Magistrate Judge Jeffery S. Frensley |
| Defendants. | § § | |

## DEFENDANT BACAR CONSTRUCTORS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGEMENT

**COMES NOW** Defendant Bacar Constructors, Inc. (hereinafter, "Bacar" or "Defendant"), by and through counsel, Smith Cashion & Orr, PLC, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.01, and hereby submits this *Memorandum of Law* in support of its *Motion for Summary Judgement* as follows:

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................3

I. INTRODUCTION ...............................................................................................5
II. FACTUAL BACKGROUND ..............................................................................6
III. LEGAL STANDARD..........................................................................................7
IV. LEGAL ARGUMENT .........................................................................................8
V. CONCLUSION ..................................................................................................13

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.* ...................................................................................................7
477 U.S. 242, 247–48 (1986)

*O'Donnell v. City of Cleveland* .....................................................................................................8
838 F.3d 718, 725 (6th Cir. 2016)

*Peeples v. City of Detroit* ..............................................................................................................8
891 F.3d 622, 630 (6th Cir. 2018)

*Pittman v. Experian Info. Sols., Inc.* ............................................................................................8
901 F.3d 619, 628 (6th Cir. 2018)

*Hostettler v. Coll. of Wooster* ......................................................................................................8
895 F.3d 844, 852 (6th Cir. 2018)

*Wershe v. City of Detroit, Michigan* ............................................................................................9
112 F.4th 357, 373 (6th Cir. 2024)

*Snyder -Hill v. Ohio State Univ.* ...................................................................................................9
48 F.4th 686, 698 (6th Cir. 2022).

*Fair Hous. Council, Inc. v. Vill. of Olde St. Andrews, Inc.* ..........................................................9
210 F. App'x 469, 480 (6th Cir. 2006)

*Miami Valley Fair Hous. Ctr., Inc. v. Preferred Living Real Est. Invs., LLC* ..........................10
No. 2:15-CV-2737, 2018 WL 4690790 (S.D. Ohio Sept. 28, 2018)

*Housing Research & Advocacy Ctr. v. WXZ Residential Group* .............................................10
No. 1:16-cv-2032, 2017 WL 1078956 (N.D. Ohio Mar. 22, 2017)

*Hous. Advocs., Inc. v. Berardi & Partners, Inc.* .......................................................................10
No. 1:10-CV-0790, 2010 WL 4905547 (N.D. Ohio Nov. 29, 2010)

*George v. Overall Creek Apts., LLC* .........................................................................................11
No. 3:23-cv-00297, 2024 WL 3092424 (M.D. Tenn. June 21, 2024)

**STATUTES**

42 U.S.C. §§ 3601-3619 ...............................................................................................................5

42 U.S.C. § 3604(f)(3)(i)–(iii) ......................................................................................................8

42 U.S.C. § 3604(f)(1)–(2) ...........................................................................................................8

42 U.S.C. § 3613(a)(1)(A) ............................................................................................................9

42 U.S.C. § 3604(f)(1) ...................................................................................................10

42 U.S.C. §§ 12101 *et seq*............................................................................................12

**RULES**

Fed. R. Civ. P. 56(a) ......................................................................................................7

## I. Introduction

This lawsuit arises out of alleged violations of the Fair Housing Act, Title III of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 (hereinafter, the "FHA"), with respect to the design and construction of the Radius at Donelson Apartments located at 2301 Lebanon Pike, Nashville, Tennessee 37214 (hereinafter, the "Property"). Plaintiffs allege that Defendants discriminated against Plaintiffs in the rental of a dwelling by failing to design and construct the Property with various accessible features mandated by the FHA.

Bacar herein asserts that the Plaintiffs' claims are time-barred pursuant to 42 U.S.C. § 3613(a)(1)(A) (hereinafter, the "Statute of Limitations"), which limits the time that an aggrieved person may commence a civil action to no later than two years after the occurrence or termination of an alleged discriminatory housing practice. Plaintiffs' failed to file their claims within the necessary two-year Statute of Limitations, and as a result, this action is time-barred and meritless. There is no genuine dispute of material fact regarding the untimely filing of Plaintiffs' Original Complaint [Doc. 1] (hereinafter the "Complaint"), and there is no evidence which could demonstrate that Plaintiffs' filed their Complaint within the time required by the FHA. The complete leasing and occupancy of all dwelling units at the Property are indisputably established by authentic Rent Roll Reports for the Property, which show that the Property was fully occupied and leased more than two years prior to the commencement of this action. Thus, Plaintiffs' filed their Complaint and commenced this civil action more than two years after the occurrence or termination of the alleged discriminatory housing practice. Because there is no genuine issue of material fact regarding Plaintiffs' untimely commencement of this action, Bacar is entitled to summary judgment.

## II. Factual Background

This dispute arises out of the design and construction of the Radius at Donelson Apartments, an apartment complex located in Nashville, Tennessee. Bacar's Statement of Undisputed Material Facts (hereinafter, the "SUMF")[1] ¶¶ 1-2. Plaintiffs allege that the Defendants failed to design and construct the Property in accordance with the FHA, specifically 42 U.S.C. § 3604. SUMF ¶ 2.

Defendant BNA Investments, GP (hereinafter, "BNA") was the original record owner of the Property. SUMF ¶ 3. BNA transferred its interest in the Property to Defendant Blue Hills Holdings, LLC (hereinafter, "Blue Hills"), on or about March 30, 2020. SUMF ¶ 4. Blue Hills retained Elmington Property Management, LLC (hereinafter, "Elmington") to operate, manage, and market the apartment complex at the Property from April 1, 2021 through July 29, 2022. SUMF ¶ 5. The Property opened for operations in July 2021. SUMF ¶ 6. As property manager, Elmington was responsible for leasing all dwelling units at the Property and maintaining all records related to the management of the Property. SUMF ¶ 7. Throughout the course of the lease-up for the Property, Elmington's site team at the Property created and maintained Rent Roll Reports, which set forth the occupancy status, tenant names, move-in dates, lease start dates, lease end dates, and market rent for each dwelling unit at the Property. SUMF ¶ 9.

The Rent Roll Reports clearly show that the last unoccupied dwelling unit intended for occupancy and tenant use at the Property was first leased and occupied by a tenant on January 10, 2022. SUMF ¶ 13; *see also* Affidavit of Catherine Neal [SUMF at **Ex. B**] ¶¶ 12-16 (attesting to the authenticity and correctness of the August Rent Rolls [dated August 28, 2021], the October

---

[1] Defendant Bacar Constructors, Inc.'s *Statement of Undisputed Material Facts* has been contemporaneously filed with its *Motion for Summary Judgement*.

Rent Rolls [dated October 27, 2021], and the February Rent Rolls [dated February 28, 2022] attached to the Neal Aff. [at Ex. B-D] and that they were business records made at or near the time of the acts and events appearing on them).

Plaintiff Cynthia George alleges that she visited the Property on May 26, 2023. SUMF ¶ 8. Both Plaintiffs allege that they visited the Property on February 22, 2024. SUMF ¶¶ 8-9. Plaintiffs assert that they "looked at one or more units" and "observed and encountered accessibility barriers that would interfere with their ability to access and use facilities" and that would be a "deterrent to disabled persons" who sought to rent a unit at the Property.[2] Plaintiffs filed their Complaint initiating this lawsuit on February 27, 2024, asserting that they are "aggrieved persons" as defined by 42 U.S.C. § 3602(i) and that the Defendants failed to design and construct the Property with accessible features for persons with disabilities, in violation of the FHA.[3]

### III. Legal Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). In other words, even if genuine, a factual dispute that is irrelevant or unnecessary under applicable law is of no value in defeating a motion

---

[2] Pls.' Original Compl. [Doc. 1] ¶ 23.

[3] *See generally,* Pls.' Original Compl. [Doc. 1].

7

for summary judgment. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine.'" *Id.*

"[A] fact is 'material' within the meaning of Rule 56(a) if the dispute over it might affect the outcome of the lawsuit under the governing law." *O'Donnell v. City of Cleveland*, 838 F.3d 718, 725 (6th Cir. 2016) (citing *Anderson*, 477 U.S. at 248). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018).

In reviewing the evidence, the court must view the facts and draw all reasonable inferences in favor of the non-moving party. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 628 (6th Cir. 2018). Credibility judgments and the weighing of evidence are improper. *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018).

**IV.     Legal Argument**

The Plaintiffs have asserted claims for damages and injunctive relief arising out of alleged violations of the FHA, specifically 42 U.S.C. § 3604(f)(3)(i)–(iii). Section 3604(f) of the FHA provides in relevant part that it shall be unlawful to "discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." 42 U.S.C. § 3604(f)(1)–(2). For the purposes of § 3604(f), discrimination in the sale or rental of a dwelling includes "a failure to design and construct those dwellings in such a manner that" they meet certain accessibility standards and contain specific adaptable design features. 42 U.S.C. § 3604(f)(3)(i)–(iii). Here, Plaintiffs are asserting claims for discrimination in the rental of a dwelling, in violation

8

of § 3604(f) of the FHA, through Defendants' alleged failure to design and construct the dwelling to meet certain accessibility requirements.[4]

Federal appellate court have long recognized that statutes of limitations serve to "prevent parties from bringing claims long after the 'evidence has been lost, memories have faded, and witnesses have disappeared.'" *Wershe v. City of Detroit, Michigan*, 112 F.4th 357, 373 (6th Cir. 2024) (citing *CTS Corp. v. Waldburger*, 573 U.S. 1, 8, 134 S.Ct. 2175, 189 L.Ed.2d 62 (2014) (quoting *Ord. of R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 349, 64 S.Ct. 582, 88 L.Ed. 788 (1944))). Generally, *absent a statutory directive to the contrary*, the "discovery rule" applies to toll the statute of limitations until the time when a reasonable person knows, or should have known in the exercise of due diligence, of the injury and the cause of that injury. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022). The FHA expresses such a statutory directive to the contrary. 42 U.S.C. § 3613(a)(1)(A) provides for a private right of enforcing the relevant provisions of the FHA but expressly limits an aggrieved person to "commence a civil action . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory practice . . . whichever occurs last." 42 U.S.C. § 3613(a)(1)(A). The Sixth Circuit has interpreted 42 U.S.C. § 3613(a)(1)(A) in *Fair Hous. Council, Inc. v. Vill. of Olde St. Andrews, Inc*, where it held that "[i]n the context of the construction and design of multifamily dwelling units that are inaccessible to disabled individuals, the discriminatory act occurs during <u>the sale or the rental of a unit</u>. Thus, once a unit has been <u>sold or rented</u>, the discriminatory act is complete." *Fair Hous. Council, Inc. v. Vill. of Olde St. Andrews, Inc.*, 210 F. App'x 469, 480 (6th Cir. 2006) (emphasis added). The Court of Appeals in *Olde St. Andrews* went further, noting that to toll the limitations

---

[4] *See generally*, Pls.'s Compl. [Doc. 1].

9

period "until the noncompliant conditions are remedied" would be "inconsistent with § 3604(f)". *Id.*

The Court recognized in *Olde St. Andrews* that the two-year Statute of Limitations may be tolled and that the "limitations period will depend on the specific circumstances of each case." *Id.* at 481. However, the Court found that in circumstances where a "plaintiff alleges that the owner or developer engaged in a policy or practice throughout the entire development of constructing housing units that fail to comply with the FHA, the continuing violations doctrine applies to toll the statute of limitations <u>until the sale of the last unit in that development</u>." *Id.* (emphasis added).

Accordingly, the district courts within the Sixth Circuit have consistently held that, because the language of 42 U.S.C. § 3604(f)(1) provides that it is unlawful to discriminate in the "sale or rental" of covered multifamily dwellings, the same rationale applies to the rental of multifamily dwellings, and that in circumstances where a developer or others are alleged to have engaged in a continuing practice with regard to non-compliant design and construction, the continuing violations doctrine may toll the running of the statute of limitations until <u>the last unit of all implicated developments is initially rented</u>. *See Miami Valley Fair Hous. Ctr., Inc. v. Preferred Living Real Est. Invs., LLC*, No. 2:15-CV-2737, 2018 WL 4690790, at *10 (S.D. Ohio Sept. 28, 2018); *see also Housing Research & Advocacy Ctr. v. WXZ Residential Group*, No. 1:16-cv-2032, 2017 WL 1078956, at * 3 (N.D. Ohio Mar. 22, 2017) (holding that the statute of limitations begins running when the last housing development sells or rents its final unit).

District courts throughout the Sixth Circuit have consistently applied the holding from *Olde St. Andrews* to multifamily dwelling units available for <u>rent</u>, holding that the limitations period for claims based on design and construction begins to run when <u>the last available rental unit is rented for the first time</u>. *See Hous. Advocs., Inc. v. Berardi & Partners, Inc.*, No. 1:10-CV-0790, 2010

10

WL 4905547, at *6 (N.D. Ohio Nov. 29, 2010) (applying *Olde St. Andrews* in the context of rental units, holding that the limitations period began to run upon "the initial rental of the final unit" in the defendant's apartment complex); *see also Hous. Rsch. & Advoc. Ctr. v. WXZ Residential Grp./Circle Lofts 118 LLC*, No. 1:16-CV-2032, 2017 WL 1078956, at *2 (N.D. Ohio Mar. 22, 2017) ("The statute of limitations starts running when a housing development sells or rents its final unit." (footnoted citations omitted)). The court in *Berardi & Partners* additionally noted that the tolling of the statute of limitations until the initial rental of the final unit "prevents the limitations period from being re-triggered each time a previously-rented unit is vacated and then re-let" and "avoids permitting an enduring threat of litigation that Defendants fear would render the statute of limitations meaningless." *Berardi & Partners*, Inc., 2010 WL 4905547, at *6.

Indeed, this honorable Court has also endorsed the progeny of cases applying the rationale from *Olde St. Andrews*. *See George v. Overall Creek Apts., LLC,* No. 3:23-cv-00297, 2024 U.S. Dist. LEXIS 109754, 2024 WL 3092424, at *9 (M.D. Tenn. June 21, 2024) ("[T]his court likewise finds that the limitations period for the plaintiff's FHA claim based upon violations of design and construction requirements expired upon the 'initial rental of the final unit' in the Property. The question, then, is when that occurred."). In *Overall Creek Apts.*, the Middle District of Tennessee was faced with an analogous situation involving alleged violations of § 3604(f) arising out of the design and construction of an apartment complex comprised of multifamily dwelling units made available for rent. *Id.* at *1-3. The honorable Judge Trauger held that the "last unit at the Property available for rent was initially rented on March 19, 2021. [Plaintiff] filed this lawsuit on March 31, 2023, more than two years after that date. As a result, [plaintiff's] FHA claim is time-barred." *Id.* at *5. Moreover, in *Overall Creek Apts.*, the Court was faced with the additional question of which dwelling units were actually made available for rent. Here, the analysis is far simpler. All

11

of the dwelling units at the Property were leased and occupied on January 10, 2022, and Plaintiffs filed this lawsuit more than two years after that date.

In the instant case, the initial rental of the final unit available for rent at the Property occurred on January 10, 2022 – more than two years before the Plaintiffs filed suit on February 27, 2024, making their FHA claims time-barred. Further, there is no genuine dispute of material fact in the record regarding the initial leasing and occupancy of the last unit available for rent at the Property, which occurred on January 10, 2022. Plaintiffs filed this lawsuit on February 27, 2024, more than two years after that date. As a result, Plaintiffs' FHA claims are time-barred, and summary judgment should be granted.

As the Middle District of Tennessee further addressed in *George v. Overall Creek Apts.*, to the extent that Plaintiffs intended to state an additional claim under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* (hereinafter, the "ADA"), which is not expressly stated in Plaintiffs' Original Complaint[5], ADA claims in Tennessee are governed by a one-year statute of limitations set forth in Tenn. Code Ann. § 28-3-104(a)(1)(A), not the two-year period set out in the FHA, making any ADA claim time-barred as well. No. 3:23-cv-00297, 2024 U.S. Dist. LEXIS 109754, 2024 WL 3092424, at *6 (M.D. Tenn. June 21, 2024); *See also McCormick v. Miami Univ.*, 693 F.3d 654, 664 (6th Cir. 2012) (holding that the appropriate statute of limitations for a Title II ADA claim is the relevant state's limitations period applicable to personal injury actions); *accord Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1037 (7th Cir. 2021) (applying Indiana's statute of limitations for personal injuries to Title III ADA claim); *Abeyta v. Stonecrest Med. Ctr.*, No. 3:18-CV-0386, 2018 WL 3472820, at *5 (M.D. Tenn.

---

[5] *See generally*, Pls.' Compl. [Doc. 1].

July 18, 2018) (Trauger, J.) (noting that the plaintiff's Title III ADA claim would be subject to the one-year limitations period for personal injury contained in Tenn. Code Ann. § 28-3-104(a)(1)(A)).

## **CONCLUSION**

For the foregoing reasons, Defendant Bacar Constructors, Inc. respectfully requests this Court to grant its *Motion for Summary Judgment* and dismiss it from this action and for any such further relief the Court may deem just and appropriate.

DATED: December 13, 2024.

Respectfully submitted,

SMITH CASHION & ORR, PLLC

/s/ *Joseph A. Tisone*
Gregory L. Cashion (BPR No. 10697)
Joseph A. Tisone (BPR No. 41169)
One American Center
3100 West End Avenue, Suite 800
Nashville, Tennessee 37203
Telephone: (615) 742-8555
Facsimile: (615) 742-8556
gcashion@smithcashion.com
jtisone@smithcashion.com
*Attorneys for Defendant
Bacar Constructors, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been forwarded via E-mail and/or first-class U.S. mail as follows:

Eric G. Calhoun
Texas Bar No. 03638800
1595 N. Central Expressway
Richardson, Texas 75080
Tel. (214) 766-8100
Facsimile: (214) 308-1947
eric@ecalhounlaw.com
*Attorney for Plaintiffs*

M. Todd Sandahl
Attorney at Law
234 First Avenue South
Franklin, Tennessee 37064
Tel. (615) 794-3450
Facsimile: (615) 794-3510
tsandahl@mtslaw.com
*Attorney for Plaintiffs*

Luke H. Neder
Brian S. Spitler
Copeland, Stair, Valz, and Lovell, LLP
735 Broad Street, Suite 1100
Chattanooga, Tennessee 37402
lneder@csvl.law
bspitler@csvl.law
jwaterhouse@csvl.law
*Attorneys for 906 Studio, PLLC*

Emmie Kinnard
Chicoya Gallman
Ortale Kelley Law Firm
330 Commerce Street, Suite 110
Nashville, Tennessee 37201
ekinnard@ortalekelley.com
cgallman@ortalekelley.com
tparker@ortalekelley.com
*Attorneys for BNA Investments, GP*

Brian Walthart
Matthew Byron
Lewis Brisbois Bisgaard & Smith, LLP
1222 Demonbreun Street, Suite 1801
Nashville, Tennessee 37203
brian.walthart@lewisbrisbois.com
matthew.byron@lewisbrisbois.com
ross.wells@lewisbrisbois.com
*Attorney for Blue Hills Holdings, LLC*

/s/ *Joseph A. Tisone*