IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION



DEFENDANT'S EXHIBIT A

| | |
|---|---|
| CHELSIE NITSCHKE and CYNTHIA GEORGE, | § § § |
| Plaintiffs, | § § |
| | § Case No. 3:24-cv-00218 |
| v. | § § JURY DEMANDED |
| BLUE HILLS HOLDINGS, LLC; BNA INVESTMENTS, GP; BACAR CONSTRUCTORS, INC.; and 906 STUDIO, PLLC, | § § Judge William L. Campbell, Jr. § Magistrate Judge Jeffery S. Frensley § § |
| Defendants. | § § § |

## DEFENDANT BNA INVESTMENTS, GP'S RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES

Defendant BNA Investments, GP, ("Defendant" or "BNA"), by and through counsel, and pursuant to Fed. R. Civ. P. 33 and this Court's Order (D.E. 26), responds to Plaintiffs' First Set of Interrogatories as set forth below. BNA provides these responses based on the best information presently available to BNA but reserves the right to timely amend or supplement these responses if and when additional, different, or more accurate information becomes available.

## INTERROGATORIES

**INTERROGATORY NO. 1.:** Identify each person who provided information or documents to assist in answering these interrogatories and, for each person, state with which interrogatories they assisted.

**ANSWER: Nick Adler assisted in providing each of these responses with the assistance of counsel. As he is represented by counsel, he may be contacted solely through counsel.**

**INTERROGATORY NO. 2.:** Identify each and every person, whether employed by You or not, and including but not limited to architects, design professionals, engineers, developers, builders, and contractors (both general contractors and subcontractors), who were involved in the process of the design or construction of the Property. For each person or entity identified, provide their last known address, telephone number, dates of employment or retention, and a description

1

of their involvement in the design or construction of the Property. (You need not identify individuals who functioned solely as laborers or craftspeople.)

**ANSWER:** Objection. This Interrogatory is not reasonably limited to time or the allegations contained in this lawsuit and as such it is overly broad. This Interrogatory also seeks information equally available to Plaintiffs or within Plaintiffs' control and as such it is unduly burdensome. Further, this Interrogatory seeks information outside the possession or control of BNA, like the identities of employees and vendors of other Defendants or non-parties. Discovery is ongoing and BNA will supplement this response in keeping with the Federal Rules of Civil Procedure and Initial Case Management Order of this Court.

**Subject to and without waiving the foregoing objections:**

**Bacar Constructors, Inc.**
**David Baker**
**Bill Godwin**
**Lynn Crew**
**Andrew Cope**
**General contractor**

**Blue Hills Holdings, LLC**
**Owner**

**906 Studio, PLLC**
**Brandon Priddy**
**Mike Hathaway**
**Architect**

**Dale & Associates**
**Michael Garrigan**
**Roy Dale**
**Civil engineering, surveying, landscape design**
**516 Heather Place**
**Nashville, TN 37204**
**615-790-2350**

Additionally, BNA has learned the identities of the following through discovery:

**LCM Architects**
**Accessibility/ADA/FHA Consultant to architect**
**819 South Wabash Avenue**
**Chicago, IL 60605**
**312-913-1717**

**CSA Engineering**
**Structural engineering**
**4633 Trousdale Drive, Suite 115**

Nashville, TN 37204
615-790-2350

DF+H Services, PLLC
Mechanical, electrical and plumbing engineering
P.O. Box 120371
Nashville, TN 37212
615-390-6131

Bootstrap Architecture + Construction, LLC
Specifications development for architect
4010 Gallatin Pike
Nashville, TN 37216
615-390-6131

Hixson Consultants
Waterproofing/building envelope consultant
11206 Thrushgill Lane
Franklin, TN 37067
615-540-9977

**INTERROGATORY NO. 3.:** Identify all persons that have had an ownership interest in a portion of the Property from October 2018 to the present and state the nature of their interest in the Property and the dates of ownership.

**ANSWER: Objection. This Request seeks publicly available property records that are equally available to Plaintiffs or within Plaintiffs' control and as such it is unduly burdensome.**

**Subject to and without waiving this objection:**

**The identity of the entities with ownership interest and nature of said interest in the Property are better described in the sale documents produced contemporaneously herewith. BNA Investments, LLC obtained the Property on October 1, 2018 from Garry and Marilee Dye. The Property was transferred to Blue Hills Holdings, LLC on March 30, 2020.**

**INTERROGATORY NO. 4.:** Please state Your role in the design or construction of the Property and what tasks You performed with respect to the Property.

**ANSWER: BNA's role with respect to the Property is better described on the contracts produced contemporaneously herewith. BNA facilitated the agreements with 906 Studio, PLLC to provide designs for the Property, Dale & Associates to provide engineering services for the Property, and BACAR Constructors, Inc. to provided construction services for the Property.**

**INTERROGATORY NO. 5.:** Please identify all employees or other persons acting on Your behalf that had any involvement with the design or construction of the Property and state

3

what tasks they performed with respect to the Property, and what entity paid their compensation for performing those tasks.

**ANSWER: Objection. This Interrogatory is not limited in time or to the allegations contained in this lawsuit and as such it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Further, this Interrogatory is vague and ambiguous with respect to the definition of "other persons acting on Your behalf." It is unclear whether this refers to those parties with whom BNA maintained contracts for the Property or something else. Subject to clarification by Plaintiffs, BNA will supplement this response.**

**Subject to and without waiving this objection:**

**BNA does not have employees.**

<u>**INTERROGATORY NO. 6.:**</u>     Please identify all independent contractors that You retained to perform any tasks with respect to the Property, any contracts with them, the tasks they performed with respect to the Property.

**ANSWER:  Objection. This Interrogatory is not limited in time or to the allegations contained in this lawsuit and as such it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Further, this Interrogatory is vague and ambiguous with respect to the definition of "independent contractors." It is unclear whether this refers to those parties with whom BNA maintained contracts for the Property or something else. Subject to clarification by Plaintiffs, BNA will supplement this response.**

**Subject to and without waiving this objection:**

**BNA did not retain independent contractors for this project.**

<u>**INTERROGATORY NO. 7.:**</u>     Please identify the persons or entities that You contend are responsible for each violation of the FHA alleged in the Complaint and Plaintiff's expert report (once it is served).

**ANSWER:   Objection. BNA is not an attorney, and this Interrogatory impermissibly seeks the mental impressions and work product of BNA's counsel. BNA objects to this Interrogatory to the extent that it implies any aspect of the design or construction was defective, nonconforming, or required remediation for Fair Housing Act violation. This Interrogatory is premature in that it seeks a response to an expert report that has not been served on BNA. Further, to the extent it requests information requiring disclosure under Fed. R. Civ. P. 26(a)(2), BNA will supplement this response in accordance with the Federal Rules of Civil Procedure, local rules, and the Initial Case Management Order entered by the Court.**

<u>**INTERROGATORY NO. 8.:**</u>     Please list all modifications and remediation that have been done at the Property following the filing of the Complaint, the dates of the work, the location of the work, and identify all documents that evidence the work done, including, without limitation,

4

permits, work orders, contracts, measurements, invoices, photographs, payments, communications, and plans.

**ANSWER:** **Objection. This Interrogatory is vague with respect to the meaning of "modifications" and "remediation." Further, this Interrogatory requests that BNA impermissibly speculate regarding things for which it has no personal knowledge. Subject to clarification by Plaintiffs and facts learned through ongoing discovery, BNA will supplement this response.**

**INTERROGATORY NO. 9.:** If, with respect to the Property, before completion of construction of the Property, You have ever made any effort to comply with the requirements of Section 3604(f)(3)(C) of the FHA, describe all such efforts including: the identity of the person(s) reviewing the Property (or the plans for the Property) for compliance on Your behalf; the date(s) such reviews took place, any reports concerning FHA or ADA compliance, what action was taken as a result of such reviews; and the cost of any such action.

**ANSWER: Objection. BNA is not an attorney, and this Interrogatory impermissibly seeks the mental impressions and work product of BNA's counsel. Further, this Interrogatory seeks opinions and information from third parties or other Defendants that are not in BNA's possession or control.**

**Subject to and without waiving this objection:**

**906 Studio, PLLC provided designs for the Property and BACAR Constructors, Inc. provided construction services for the Property and upon information and belief, the Property was designed and constructed in compliance with applicable accessible design requirements.**

**INTERROGATORY NO. 10.:** Since the filing of the Complaint in the litigation, identify each action You have taken to evaluate Your compliance with the accessibility requirements of the FHA, the persons involved in such actions or evaluations, and describe any alterations, repairs, retrofits or other remedial actions taken by You at the Property, including both pre-existing conditions (including measurements) and the post-alteration conditions (including measurements) of the affected areas.

**ANSWER: Objection. This Interrogatory seeks information in the possession or control of other Defendants or non-parties, and as such requests that BNA impermissibly speculate as to things for which it has no personal knowledge. BNA sold the Property in 2022 and has had no involvement with the Property since that time.**

**INTERROGATORY NO. 11.:** Please identify by name, address, place of employment and telephone number each person known to You or about whom You have been informed who purports to have any discoverable knowledge regarding any facts relevant to this cause of action including any of Your defenses, and set forth the nature of the facts known by each such person.

**ANSWER: Objection. This Interrogatory requests information that need not be disclosed at this time such as a witness or exhibit list for trial. Further, to the extent it requests**

5

information requiring disclosure under Fed. R. Civ. P. Rule 26(a)(2), BNA will supplement this response in keeping with the Federal Rules of Civil Procedure and Initial Case Management Order of this Court.

**Subject to and without waiving the foregoing objections:**

Every party to this lawsuit likely has personal knowledge of the facts in this lawsuit, including, but not limited to, their involvement in the project. Additionally, there may be employees, principals, and agents of the parties that have personal knowledge of the facts in the lawsuit. BNA reserves the right to call of these individuals as well as any individual identified by any party in initial disclosures or in response to a similar interrogatory. Further, the following individuals may have some knowledge regarding the facts relevant to this lawsuit:

All individuals referenced in response to Interrogatory No. 2

**Elmington Property Management**
**Danielle Walker**
**Beverly Abbott**
2301 Lebanon Pike Nashville, TN 37214
615-247-6730

**INTERROGATORY NO. 12.:** Please state Your estimate of the costs to remediate and correct each of the deficiencies described in the Complaint and in Plaintiff's expert report (once it is served) and identify all documents that support Your estimate.

**ANSWER:** Objection. This Interrogatory is vague and ambiguous with respect to the meaning of "remediate" and "deficiencies." BNA objects to this Interrogatory to the extent that it implies any aspect of the design or construction was defective, nonconforming, or required remediation. Further, to the extent it requests information requiring disclosure under Fed. R. Civ. P. 26(a)(2), BNA will supplement this response in accordance with the Federal Rules of Civil Procedure, local rules, and the Initial Case Management Order entered by the Court.

**INTERROGATORY NO. 13.:** Please state all facts and identify all documents that support Your contention that You cannot be held liable under the FHA for each affirmative defense at Pages 5-7 of Your Answer or other defense You allege in Your current and any amended Answer to the Complaint.

**ANSWER:** Objection. BNA is not an attorney, and this Interrogatory impermissibly seeks the mental impressions and work product of BNA's counsel. Further, to the extent it requests information requiring disclosure under Fed. R. Civ. P. 26(a)(2), BNA will supplement this response in accordance with the Federal Rules of Civil Procedure, local rules, and the Initial Case Management Order entered by the Court.

**Subject to and without waiving the foregoing objections:**

**BNA reserves the right to supplement this Interrogatory as discovery is ongoing.**

**INTERROGATORY NO. 14.:** Please state Your net worth for each of the last five years and identify all documents that evidence Your net worth for those years.

**ANSWER: Objection. This Interrogatory is not limited in time or to the allegations contained in this lawsuit and as such it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.**

**INTERROGATORY NO. 15.:** State whether the Property was built in accordance with a HUD-recognized safe harbor and the name of the safe harbor or, if not, what specific standard was used at the Property to measure compliance with the accessible design requirements of the FHA.

**ANSWER: Objection. BNA is not an attorney, and this Interrogatory impermissibly seeks the mental impressions and work product of BNA's counsel. Further, this Interrogatory seeks opinions and information from third parties or other Defendants that are not in BNA's possession or control.**

**Subject to and without waiving this objection:**

**906 Studio, PLLC provided designs for the Property and BACAR Constructors, Inc. provided construction services for the Property and upon information and belief, the Property was designed and constructed in compliance with applicable accessible design requirements.**

**INTERROGATORY NO. 16.:** Please identify the date Plaintiff visited the Property, witnesses to the visit, which unit(s) Plaintiff was shown and any other information you have concerning the visit.

**ANSWER: BNA does not have information responsive to this Interrogatory at this time.**

**INTERROGATORY NO. 17.:** Identify the date construction of the Property was completed, including, but not limited to, any "punch list" items.

**ANSWER: Objection. This Interrogatory is vague and ambiguous with respect to the meaning of "construction," "completed," and "punch list." Subject to clarification by Plaintiffs and facts learned through ongoing discovery, BNA will supplement this response.**

**INTERROGATORY NO. 18.:** Identify every person who is expected to be called to testify at trial, including your experts.

**ANSWER: BNA has not made a decision at this time regarding this Interrogatory. BNA will supplement this response in keeping with the Federal Rules of Civil Procedure, local rules, and the Initial Case Management Order entered by the Court.**

Respectfully submitted,

**ORTALE KELLEY LAW FIRM**

*/s/ Emmie Kinnard*
Emmie Kinnard, BPR #036803
Chicoya Smith Gallman, BPR #037118
*Attorney for Defendant BNA Investments, GP*
330 Commerce Street, Suite 110
Nashville, Tennessee 37201
ekinnard@ortalekelley.com
615-256-9999

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon all counsel of record via the Court's electronic filing system and email this 19th day of July, 2024.

| | |
|---|---|
| Eric G. Calhoun<br>Calhoun & Associates<br>1595 N. Central Expressway<br>Richardson, Texas 75080<br>eric@ecalhounlaw.com | M. Todd Sandahl<br>234 First Ave South<br>Franklin, Tennessee 37064<br>tsandahl@mtslaw.com<br>*Attorneys for Plaintiffs* |
| Luke H. Neder<br>Brian S. Spitler<br>Copeland Stair Valz & Lovell, LLP<br>735 Broad Street, Suite 1100<br>Chattanooga, Tennessee 37402<br>bspitler@csvl.law<br>lneder@csvl.law<br>*Attorneys for 906 Studio, PLLC* | Gregory L. Cashion<br>Joseph A. Tisone, Jr.<br>Smith Cashion & Orr, PLC<br>One American Center<br>3100 West End Avenue, Suite 800<br>Nashville, Tennessee 37203<br>gcashion@smithcashion.com<br>jtisone@smithcashion.com<br>*Attorneys for Bacar Constructors, LLC* |
| Brian F. Walthart<br>Lewis Brisbois Bisgaard & Smith, LLP<br>1222 Demonbreun Street, Suite 1801<br>Nashville, Tennessee 37203<br>Brian.walthart@lewisbrisbois.com<br>*Attorney for Blue Hills Holdings, LLC* | |

*/s/ Emmie Kinnard*
Emmie Kinnard