

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHELSIE NITSCHKE AND CYNTHIA GEORGE, | § § § § | |
| Plaintiffs, | § | Case No. 3:24-cv-00218 |
| | § | |
| v. | § | **JURY DEMANDED** |
| | § | |
| BLUE HILLS HOLDINGS, LLC; BNA INVESTMENTS, GP; BACAR CONSTRUCTORS, INC.; AND 906 STUDIO, PLLC, | § § § § § | Judge William L. Campbell, Jr. Magistrate Judge Jeffery S. Frensley |
| | § | |
| Defendants. | § | |

## PLAINTIFF CHELSIE NITSCHKE'S ANSWERS AND OBJECTIONS TO DEFENDANT BACAR CONSTRUCTORS, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF CHELSIE NITSCHKE

COMES NOW, CHELSIE NITSCHKE, Plaintiff herein, and serves these Answers and Objections to Defendant Bacar Constructors, Inc.'s First Set of Interrogatories Directed to Plaintiff Chelsie Nitschke, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

Dated: August 19, 2024.

Respectfully Submitted,

CALHOUN &ASSOCIATES

*/s/ Eric G. Calhoun*
Eric G. Calhoun
Texas Bar No. 03638800
1595 N. Central Expressway
Richardson, Texas 75080
Telephone: (214) 766-8100
Facsimile: (214) 308-1947
eric@ecalhounlaw.com
egcla@ecalhounlaw.com (Assistant)

M. Todd Sandahl, #19167

PLAINTIFF CHELSIE NITSCHKE'S ANSWERS AND OBJECTIONS TO DEFENDANT BACAR CONSTRUCTORS, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF CHELSIE NITSCHKE – Page 1

Case 3:24-cv-00218    Document 42-4    Filed 12/13/24    Page 1 of 12 PageID #: 268

Attorney at Law
234 First Avenue South
Franklin, Tennessee 37064
Telephone: (615) 794-3450
Facsimile: (615) 794-3510
tsandahl@mtslaw.com

ATTORNEYS FOR PLAINTIFFS

PLAINTIFF CHELSIE NITSCHKE'S ANSWERS AND OBJECTIONS TO DEFENDANT BACAR CONSTRUCTORS, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF CHELSIE NITSCHKE – Page 2

Case 3:24-cv-00218    Document 42-4    Filed 12/13/24    Page 2 of 12 PageID #: 269

## CERTIFICATE OF SERVICE

       I hereby certify that on August 19, 2024, I caused a true and correct copy of the foregoing document to be served on counsel of record for Defendants, via electronic mail, as follows:

| | |
|---|---|
| Brian Walthart<br>Matthew Byron<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>1222 Demonbreun St., Suite 1801<br>Nashville, Tennessee 37203<br>brian.walthart@lewisbrisbois.com<br>matthew.byron@lewisbrisbois.com | *Attorneys for Defendant Blue Hills Holdings, LLC* |
| Gregory Lee Cashion<br>Joseph Andrew Tisone, Jr.<br>SMITH, CASHION & ORR, PLC<br>One American Center<br>3100 West End Avenue, Suite 800<br>Nashville, Tennessee 37203<br>gcashion@smithcashion.com<br>jtisone@smithcashion.com | *Attorneys for Defendant Bacar Constructors, Inc.* |
| Luke H. Neder<br>Brian S. Spitler<br>Jillian Waterhouse<br>COPELAND, STAIR, VALZ, AND LOVELL, LLP<br>735 Broad Street, Suite 1100<br>Chattanooga, Tennessee 37402<br>lneder@csvl.law<br>bspitler@csvl.law<br>jwaterhouse@csvl.law | *Attorneys for Defendant 906 Studio, PLLC* |
| Emmie Kinnard<br>ORTALE KELLEY LAW FIRM<br>330 Commerce Street, Suite 110<br>Nashville, Tennessee 37201<br>ekinnard@ortalekelley.com | *Attorney for Defendant BNA Investments, GP* |
| M. Todd Sandahl<br>Attorney at Law<br>234 First Avenue South<br>Franklin, Tennessee 37064<br>tsandahl@mtslaw.com | *Attorney for Plaintiffs* |

                /s/ Eric G. Calhoun
                Eric G. Calhoun

PLAINTIFF CHELSIE NITSCHKE'S ANSWERS AND OBJECTIONS TO DEFENDANT BACAR CONSTRUCTORS, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF CHELSIE NITSCHKE – Page 3

Case 3:24-cv-00218   Document 42-4   Filed 12/13/24   Page 3 of 12 PageID #: 270

# I.
# GENERAL OBJECTIONS

1. Plaintiff objects to the Interrogatories to the extent that they seek information otherwise not subject to discovery under the applicable Federal Rules of Civil Procedure, and/or seek to impose a greater burden upon Plaintiff as to the manner in which information is requested to be provided than the manner required under the applicable Federal Rules of Civil Procedure.

2. Plaintiff objects to the Interrogatories to the extent that they call for information or documents protected by the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant-client privilege. By making a response to any such Interrogatory, or as to any other Interrogatory, Plaintiff does not waive the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant-client privilege as to that Interrogatory, or as to any other Interrogatory or future Interrogatory. Further, to the extent that Plaintiffs inadvertently produce any information that, in whole or in part, contains information protected by the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant- client privilege, such a disclosure does not waive the protection of the attorney-client privilege, work product doctrine, self-evaluation privilege, and/or accountant-client privilege.

3. Plaintiff objects to the Interrogatories to the extent that they purport to require Plaintiff to identify documents, or to summarize information in documents, that have been or will be produced by Plaintiff or that are or have been in Defendants' possession, custody, or control.

4. Plaintiff specifically reserves all objections to relevance and admissibility, and the following Answers should not be interpreted as waiving any evidentiary objections.

5. Plaintiff objects to the Interrogatories to the extent that they seek information or documents that are not within Plaintiffs' possession, custody, or control.

PLAINTIFF CHELSIE NITSCHKE'S ANSWERS AND OBJECTIONS TO DEFENDANT BACAR CONSTRUCTORS, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF CHELSIE NITSCHKE – Page 4

Case 3:24-cv-00218     Document 42-4     Filed 12/13/24     Page 4 of 12 PageID #: 271

6. By providing any information in response to any Interrogatory, Plaintiff does not waive or intend to waive, but rather intend to preserve and hereby preserve (i) all rights to object, on any ground, to the use of any of these objections, answers, and/or documents provided in response to these Interrogatories, in any subsequent proceedings in this or any other case, action or proceeding and (ii) all rights to object on any ground to any request for further responses to these Interrogatories or any other interrogatories.

7. Plaintiff's investigation is continuing. Plaintiff therefore reserves the right to supplement or amend his responses as appropriate and provided by law.

8. Plaintiff objects to the Interrogatories to the extent that they do not provide a time frame or geographic scope. Such Interrogatories are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

9. Plaintiff objects to the Interrogatories to the extent that they are unrelated to, and do not lead to, the discovery of admissible evidence pursuant to the Federal Rules of Civil Procedure.

10. Plaintiff objects to the "Definitions" section of the Interrogatories to the extent they expand or modify the ordinary meaning of any words in the Requests.

11. Plaintiff objects to any definitions of "concerning" as overbroad, vague and ambiguous.

12. Plaintiff objects to the defendant's definitions the terms "identify" as overbroad and not proportionate to the needs of the case. Plaintiff will apply the ordinary meaning of identify to her responses.

13. Plaintiff objects the defendant of the term "document" as overbroad and not proportional to the needs of the case.

PLAINTIFF CHELSIE NITSCHKE'S ANSWERS AND OBJECTIONS TO DEFENDANT BACAR CONSTRUCTORS, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF CHELSIE NITSCHKE – Page 5

Case 3:24-cv-00218   Document 42-4   Filed 12/13/24   Page 5 of 12 PageID #: 272

14. Plaintiff objects to these Interrogatories to the extent that they seek information in the custody and control of Defendants.

15. Plaintiff objects to these Interrogatories to the extent they call for information provided by or relating to consulting experts.

16. Plaintiff further objects to these requests on the grounds that they exceed 25 interrogatories, including discrete subparts.

17. Plaintiff expressly incorporates each of these General Objections into its specific Answers and objections set forth below.

Without waiving the objections set forth above, Plaintiff responds to the individual Interrogatories as set forth below.

## II.
## ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1.:** Identify each person who provided information or documents to assist in answering these interrogatories and, for each person, state with which interrogatories they assisted.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Subject to these objections, Plaintiff and her counsel.

**INTERROGATORY NO. 2.:** Identify the date, time, and duration of your "visit" to the Property as alleged in Paragraph 23 of the Complaint including the identities of each person(s) accompanying you during your visit and person(s) encountered at the Property during your visit.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Subject to these and the general objections, Plaintiff visited the Property on February 22, 2024.

**INTERROGATORY NO. 3.:** Identify each person that you communicated with on the date of your alleged visit to the Property and the substance of those communications.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Plaintiff objects to this request to the extent it seeks communications with counsel on the grounds of attorney-client privilege. Plaintiff further objects to the extent it seeks privileged common interest or co-party communications. Plaintiff further objects to this request on the grounds that it is overbroad and unduly burdensome to recite every detail of the discussions with any person on

PLAINTIFF CHELSIE NITSCHKE'S ANSWERS AND OBJECTIONS TO DEFENDANT BACAR CONSTRUCTORS, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF CHELSIE NITSCHKE – Page 6

Case 3:24-cv-00218    Document 42-4    Filed 12/13/24    Page 6 of 12 PageID #: 273

February 22, 2024, regarding any subject. Subject to these and the general objections, Plaintiff met with the Property Manager, Kim Williams and Daniel from maintenance, at the leasing office at the Property on February 22, 2024. Ms. Williams gave a tour, discussed the Property, and provided leasing options. Ms. Williams also discussed the unavailability of any ADA accessible units. She also stated she would follow up with photos and availability.

**INTERROGATORY NO. 4.:** Identify the method(s) of transportation utilized by you to be present at the Property on the date of your alleged visit including the identity(ies) of each person(s) assisting you with said transportation, and, if a personal vehicle was used, the make, model, year, and title owner of said vehicle.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Plaintiff objects to this request to the extent that it seeks personal and confidential information and is not proportional to the needs of the case. Plaintiff further objects on the grounds that it is overbroad and for purposes of harassment. Plaintiff objects to this request to the extent that it seeks information that is irrelevant to a "claim or defense" of any party and that does not appear reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. Rule 26(b)(1).

Fed. R. Civ. P. Rule 26(b)(1) provides:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Any "aggrieved person" may bring a housing discrimination lawsuit pursuant to the Fair Housing Act ("FHA"). 42 U.S.C. § 3613(a). Congress intended that the FHA's definition of person "aggrieved" confer standing "as broadly as is permitted by Article III of the Constitution." Bank of Am. Corp. v. City of Miami, Fla., 137 S. Ct. 1296, 1303 (2017) (internal quotation omitted). An "aggrieved person" includes any person who "claims to have been injured by a discriminatory housing practice" or believes that such an injury "is about to occur." Id.; 42 U.S.C. § 3602(i). Under the FHA, a tester who has no intention of buying or renting a home still has standing to sue if that person suffered an injury from an unlawful practice as defined by the FHA. Havens Realty Corp. v. Coleman, 455 U.S. 363, 373-74 (1982).

Subject to these objections, Plaintiff went to the Property in her vehicle with Cynthia George on February 22, 2024.

**INTERROGATORY NO. 5.:** Identify whether or not you were physically inside any building(s) and/or unit(s) at the Property during your visit including the identities of said building(s) and/or unit(s), the duration that you were physically inside of said building(s) and/or unit(s), and identify how many building(s) and how many unit(s) you were physically inside of during your visit.

PLAINTIFF CHELSIE NITSCHKE'S ANSWERS AND OBJECTIONS TO DEFENDANT BACAR CONSTRUCTORS, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF CHELSIE NITSCHKE – Page 7

Case 3:24-cv-00218    Document 42-4    Filed 12/13/24    Page 7 of 12 PageID #: 274

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Subject to these objections, Plaintiff toured unit 101 on February 22, 2024. Plaintiff was inside the leasing office and an apartment building. She was there approximately 45 minutes to an hour and drove around the Property. The barriers encountered included heavy doors, pool gate latches too high, lack of accessible routes on sidewalks, steep slopes and excessive cross-slopes, narrow pantry, inaccessible microwave, accessible laundry appliances, inaccessible kitchen appliances, lack of space to maneuver in kitchen to open appliances, closet bars out of reach, inaccessible bathtub, lack of accessible route to dog park, height of dog park door latch and lack of maneuvering space. Plaintiff anticipates that her expert will inspect the Property and identify the location of barriers.

**INTERROGATORY NO. 6.:** Identify whether or not you were able to afford, bear the expense of, financially sustain, and/or incur the cost of the rental or lease value of any unit(s) at the Property at the time of your visit and the duration you could afford the same including any documentation relied upon in ascertaining the answer hereto.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Plaintiff objects to this request to the extent that it seeks personal and confidential information and is not proportional to the needs of the case. Plaintiff further objects on the grounds that it is overbroad and for purposes of harassment. Plaintiff objects to this request to the extent that it seeks information that is irrelevant to a "claim or defense" of any party and that does not appear reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. Rule 26(b)(1).

Fed. R. Civ. P. Rule 26(b)(1) provides:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Any "aggrieved person" may bring a housing discrimination lawsuit pursuant to the Fair Housing Act ("FHA"). 42 U.S.C. § 3613(a). Congress intended that the FHA's definition of person "aggrieved" confer standing "as broadly as is permitted by Article III of the Constitution." Bank of Am. Corp. v. City of Miami, Fla., 137 S. Ct. 1296, 1303 (2017) (internal quotation omitted). An "aggrieved person" includes any person who "claims to have been injured by a discriminatory housing practice" or believes that such an injury "is about to occur." Id.; 42 U.S.C. § 3602(i). Under the FHA, a tester who has no intention of buying or renting a home still has standing to sue if that person suffered an injury from an unlawful practice as defined by the FHA. Havens Realty Corp. v. Coleman, 455 U.S. 363, 373-74 (1982).

PLAINTIFF CHELSIE NITSCHKE'S ANSWERS AND OBJECTIONS TO DEFENDANT BACAR CONSTRUCTORS, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF CHELSIE NITSCHKE – Page 8

Case 3:24-cv-00218    Document 42-4    Filed 12/13/24    Page 8 of 12 PageID #: 275

Plaintiff's factual allegations show that she personally encountered discrimination because of Defendants' alleged failure to design and construct in accordance with § 3604(f)(3)(C). Therefore, Plaintiff has standing to bring suit regardless of the information sought by this request.

Plaintiff's personal financial information is not relevant or proportionate to the needs of the case.

**INTERROGATORY NO. 7.:** Identify and describe with particularity which feature(s) of the Property that you were unable to independently use during your visit as alleged in Paragraph 24 of the Complaint including the identity(ies) of each person who had to assist you as a result of your inability to use said feature(s), how he/she/they assisted you, and describe how any inability to use said feature(s) impacted the remainder of your visit including your ability, or lack thereof, to physically reach any other area(s) of the Property.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Plaintiff objects to this request to the extent it seeks communications with counsel on the grounds of attorney-client privilege. Subject to these objections, *see* response to No. 5 above.

**INTERROGATORY NO. 8.:** Identify and describe with particularity the structural barrier(s) that you experienced at the Property during your visit as alleged in Paragraph 29 of the Complaint including a description of which building(s), common area(s), unit(s), or any other portion(s) of the Property said barrier(s) were located in/at/around, where the barrier is physically located on the Property, and how the barrier impacted your ability to continue touring, viewing, and/or to move about the Property.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Subject to these objections, Plaintiff anticipates her expert will inspect the Property. *See* response to No. 5.

**INTERROGATORY NO. 9.:** Identify and describe with particularity any and all barrier(s) that you experienced at the Property during your visit as alleged in the First Amended Complaint including a description of which building(s), common area(s), unit(s), or any other portion(s) of the Property said barrier(s) were located in/at/around, how the barrier limited you during your visit, where the barrier is physically located on the Property, and how the barrier impacted your ability to continue touring, viewing, and/or to move about the Property.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Plaintiff objects to this request to the extent that it requires Plaintiff to marshal all available proof on a legal topic. Subject to said objections, *see* response to No. 5 above.

**INTERROGATORY NO. 10.:** Identify and describe with particularity an exhaustive list of all alleged FHA violations experienced by you at the Property during your visit including the specific locations of each.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Plaintiff objects to this request to the extent that it requires Plaintiff to marshal all available proof on a legal topic. Subject to said objections, Plaintiff objects to this request to the extent it seeks

PLAINTIFF CHELSIE NITSCHKE'S ANSWERS AND OBJECTIONS TO DEFENDANT BACAR CONSTRUCTORS, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF CHELSIE NITSCHKE – Page 9

Case 3:24-cv-00218    Document 42-4    Filed 12/13/24    Page 9 of 12 PageID #: 276

communications with counsel on the grounds of attorney-client privilege. Plaintiff objects to this request to the extent that it requires Plaintiff to marshal all available proof on a legal topic. Subject to said objections, *see* response to No. 5 above.

**INTERROGATORY NO. 11.:** Identify and describe with particularity all area(s), building(s), unit(s), common area(s), bathroom(s), or any other portion(s) of the Property whatsoever that you attempted to access and were physically unable to access during your visit including the identity of each person(s) that witnessed said inability.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Plaintiff objects to this request to the extent that it requires Plaintiff to marshal all available proof on a legal topic. Subject to said objections, *see* response to No. 5 above.

**INTERROGATORY NO. 12.:** Identify all out-of-pocket costs incurred by you to visit the Property as alleged in Paragraph 27 of the Complaint.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Plaintiff incurred out-of-pocket expenses for gas.

**INTERROGATORY NO. 13.:** Identify which unit(s), which building(s) contained said unit(s), and how many unit(s) you observed during your visit that allegedly contained an inaccessible interior door as alleged in Paragraph 34 of the Complaint including how many interior doors were inaccessible.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Plaintiff objects to this request to the extent that it requires Plaintiff to marshal all available proof on a legal topic. Subject to said objections, *see* allegations in Plaintiff's Complaint and expert report to be produced. *See* also response to No. 5 above.

**INTERROGATORY NO. 14.:** Identify whether or not you determined, appraised, gauged, estimated, totaled, and/or calculated any measurement(s) with respect to fixtures, features, appliances, counter-tops, cabinets, structures, doorways, clearances, dimensions, or any aspect of the Property whatsoever during your visit including your method for said measurement(s) and the substance and/or result(s) of said measurement(s).

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Subject to these objections, Plaintiff did not use a measuring tape during her visit. She established distances based upon her observations.

**INTERROGATORY NO. 15.:** Identify with specificity the method you used during your visit to determine that the cross slopes of routes and any other portions of the accessible route had slopes exceeding 2% as alleged in Paragraphs 33 and 35 of the Complaint including the substance and/or result of said method(s), the actual slope as determined by you, and which routes(s) at the Property you physically used and/or traversed during your visit.

PLAINTIFF CHELSIE NITSCHKE'S ANSWERS AND OBJECTIONS TO DEFENDANT BACAR CONSTRUCTORS, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF CHELSIE NITSCHKE – Page 10

Case 3:24-cv-00218    Document 42-4    Filed 12/13/24    Page 10 of 12 PageID #: 277

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Subject to these objections, Plaintiff did not precisely calculate cross slopes with a tool. Plaintiff established this based upon the pain and difficulty she had traversing the routes.

**INTERROGATORY NO. 16.:** Identify with specificity any method(s) you used during your visit to determine that one or more bathroom(s) lack the requisite 18 inches from the toilet centerline to the side wall on the side opposite the direction of approach as alleged in Paragraphs 36 of the Complaint including the substance and/or result of said method(s), the actual distance between the toilet centerline and the side wall on the side opposite the direction of approach as determined by you, and which bathroom(s) at the Property you were physically present at during your visit.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Subject to these objections, Plaintiff did not use a measuring tape during her visit. She established the distances based upon her observations.

**INTERROGATORY NO. 17.:** Identify with specificity any method(s) you used during your visit to determine that gates to the pool area had latches installed at heights above 48 inches as alleged in Paragraph 33 of the Complaint including the substance and/or result of said method(s), the actual distance observed between the ground and the latch(es) as determined by you, and which gate(s) at the Property you were physically present at during your visit.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Subject to these objections, Plaintiff did not use a measuring tape during her visit. She established the distances based upon her observations.

**INTERROGATORY NO. 18.:** Identify any and all violation(s) of 42 U.S.C. § 3604(f)(3)(C) alleged in the Complaint which you attribute to the construction of the Property.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Subject to these objections, Plaintiff states that all of the barriers appear to be due to the construction of the Property.

**INTERROGATORY NO. 19.:** Identify any and all violation(s) of 42 U.S.C. § 3604(f)(3)(C) alleged in the Complaint which you attribute to the design of the Property.

**ANSWER:** Plaintiff incorporates her general objections as though fully set forth verbatim herein. Subject to these objections, Plaintiff has no personal knowledge of how the Property was designed.

PLAINTIFF CHELSIE NITSCHKE'S ANSWERS AND OBJECTIONS TO DEFENDANT BACAR CONSTRUCTORS, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF CHELSIE NITSCHKE – Page 11

Case 3:24-cv-00218    Document 42-4    Filed 12/13/24    Page 11 of 12 PageID #: 278

I declare, under penalty of perjury, that I have read the foregoing PLAINTIFF CHELSIE NITSCHKE'S ANSWERS AND OBJECTIONS TO DEFENDANT BACAR CONSTRUCTORS, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF CHELSIE NITSCHKE and that the factual statements contained in the Answers and Objections to the Interrogatories are within my personal knowledge and are true and correct.

_____
CHELSIE NITSCHKE